14-3431
Fetch, NYC Inc. v. Allstate Insurance Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of September, two thousand fifteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

_____

FETCH, NYC INC.,

> *Plaintiff-Appellant*,

> v.                                                                  No. 14-3431-cv

ALLSTATE INSURANCE CO.,

> *Defendant-Appellee,*

KEVIN SCHAEFFER,

> *Defendant*.[*]

_____

For Plaintiff-Appellant:      STEVEN G. FAUTH, Steven G. Fauth, LLC, New York, NY.

For Defendant-Appellee:    JOSEPH J. AGUDA, JR., and Michael D. Breinin (on the brief),
                                             Nelsen, Carter & Treas L.L.C., Metairie, LA.

_____

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Fetch, NYC Inc. ("Fetch") appeals from an August 5, 2014 decision and order entered in the United States District Court for the Southern District of New York (Forrest, *J.*) granting Defendant Allstate Insurance Co.'s ("Allstate") motion for summary judgment. We review *de novo* a decision by the district court to grant summary judgment to a defendant on the basis that there is no genuine dispute as to any material fact. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). This Court must "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We agree with Judge Forrest's opinion below that there was no genuine dispute as to whether Fetch's Standard Flood Insurance Policy ("SFIP") was a "duplicate" within the meaning of the SFIP. 44 C.F.R. Pt. 61, App. A(1) (2015). Furthermore, without deciding whether the Federal Emergency Management Agency Flood Insurance Manual ("FIM") has been incorporated by reference into the National Flood Insurance Program's regulations at 44 C.F.R. § 62.23(i)(1), we recognize it is entitled to deference. *See Union Carbide Corp. & Subsidaries v. C.I.R.*, 697 F.3d 104, 109 ("We ordinarily give deference to an agency's interpretation of its own ambiguous regulations . . . ."). We note that Fetch's SFIP was inconsistent with FIM Section IX(F)(2), as it did not include the building owner and tenant as joint policyholders in a building coverage policy. FEMA, NATIONAL FLOOD INSURANCE PROGRAM, FLOOD INSURANCE MANUAL

2

GR 13 (Oct. 1, 2013). Consequently, Allstate did not breach the SFIP when rejecting Fetch's claim. The district court properly granted Allstate's motion for summary judgment.

We have considered Fetch's remaining arguments and find that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK